May it please the court. My name is Brian Holdaway and I, along with co-counsel Craig Weaver, under the supervision of William Laplin, represent the appellant in this matter, Ms. Sina Tyler. May I reserve this witness for a moment? There are three issues before this court. The first is a procedural issue that deals with the motion to disregard six documents. I'll be happy to answer any questions this court has to those. The other two issues are substantive and the first one is that the ALJ failed to fully develop the record in this case. The second is that the ALJ failed to consult with the medical expert prior to drawing an inference as to the onset of Ms. Tyler's disabilities. Let me ask you this. The court appreciates your participation in this case and you are calling to the attention of the court the documents that you've referenced in your motion. Are those documents appear to have been altered? What should we do with that fact? Is there any other than simply disregard them? It's quite an unusual circumstance. And they appear to be the, if I understand it, the only other evidence in the record that would support the appellant's claim is what, testimony of her and her family as to the time of the onset of this disability? Yes, the lay witness testimony. Okay. And what other documents were there in the nature of medical records? There are documents that have not been contested by the Social Security Administration. The Social Security Administration, or I'll just say SSA for making it easier, got directly from medical institutions such as Alameda or Bonita House and Kaiser Medical Center. Those are all locations at which the Social Security Administration directly subpoenaed those documents and got those documents in return. Now to go to the very beginning of your Honor's question, which dealt with what should this court do with those documents, the ultimate purpose of this motion was really just to make the court aware of their existence. So that way this court would be able to address that in whatever way it felt appropriate. And that purpose has been served. But really what this boils down to is that these documents show the severity of the mental impairment that Ms. Tyler operates under. She continues to operate under a delusion from her schizophrenic paranoia that there is a continuing, ongoing conspiracy against her by the Social Security Administration. Counsel, excuse me for interrupting, but your time is limited. You didn't cite any legal authority in support of disregarding the altered documents. Is there any legal authority that would say we should not consider them? No, Your Honor, we were not able to find anything. Again, we were in a unique position where we are not licensed in the State of California. We couldn't go directly to the district court in this case. We had to find some way of alerting this court to what was going on with this case. And we felt that that was simply a mechanism of achieving that goal. Let me ask you this. Do you have any information that would indicate that anyone other than the appellant altered the documents? Not necessarily, except that there is some oddities in the alterations themselves. For instance, while three of the documents appear to have been altered in such a way as to put the dates prior to Ms. Tyler's 22nd birthday, two of the others that have altered dates have altered dates that come subsequent to her 22nd birthday. And so there doesn't seem to be any real logical connection between what the objectives in changing the dates of these documents are. Now, that doesn't tell us who or who didn't do it. What it does tell us is that it illustrates to some extent her inability, assuming she did do it, to perceive reality, to accurately then convey that to others. And the best thing would be for this to go back to the ALJ. The ALJ could then review this record. So the fact that she altered the documents would indicate that she is really disabled? Not the fact that she altered them, Your Honor. It's the way in which it was done. It's a manifestation of the very impairment that she is alleging, this delusion that she believes there is a conspiracy against her by the Social Security Administration. In a number of letters, she attacks the Social Security Administration by saying that it's lying on her records, that it's mutilating, duplicating, or sealing records. And so this behavior is a manifestation of that, and she shouldn't be faulted for manifesting the very ailment of which she is alleging. Yes, the fact that Lava was trying to deceive a court. Yes, certainly it's a very serious issue. Doesn't it undermine her credibility? Yes, but the nature of her ailment does that on its own as well. The fact that, for instance, in the motion disregard, we pointed out a number of instances in which she thought members of her immediate family are dead who are not dead. She can give specific dates, locations, times, and yet these people are not dead. So this shows an ongoing inability of her to perceive reality and to be able to convey that to others. All right, counsel, let's assume that she is disabled to some extent for mental incapacity. Are you suggesting, though, that she had no medical evidence prior of pre-1986 disability? Are you contending she's not required to present any medical evidence? To a certain extent, yes, Your Honor. What we are saying, and this goes to the second issue, which is that the ALJ in this case has an obligation or a duty to consult with a medical expert. Well, the medical expert is only required when the onset date is ambiguous. There was no evidence, no medical evidence of any kind that she was disabled before 1986. Hence, why was a medical expert even required? Your Honor, on social security ruling, I'm sorry, I only have the Westlaw pagination, but it's page 2. It states, with slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. And then just one sentence later, it states, in such cases, it will be necessary to infer the onset date for the medical and other evidence that describe the history and sentimentology of the disease process. In other words, social security ruling 8320 specifically contemplates circumstances in which there is an alleged onset date occurring far in the past, and yet there is no direct medical evidence. This circuit recognized that both DeLorme v. Sullivan, as well as Armstrong v. Commissioner of Social Security Administration, that there are going to be many instances in which medical evidence that far back is going to be difficult to obtain. Furthermore, this court recognized in those same cases, specifically DeLorme, that it is the date of onset, not the date of diagnosis, that is significant. And in this case, there are medical records that could have been added to this record by the ALJ, which is the 1990 Social Security Administration records in which the Social Security Administration found that Ms. Tyler met their 12.03 listings of schizophrenia. Yet these records were never made part of this current record. Well, I don't know quite what we do with that. Are you going to leave some time for your co-counsel, or how does this work? No. You're taking the whole argument? That's right. And so for that reason, really the objective here is to get this remanded to the ALJ so the ALJ can add necessary documents to the record, specifically the 1990 Social Security Administration records, as well as National Guard records from missing Tyler's time in the National Guard during her 18- to 19-year-old period. Well, why are you entitled to do that? Well, I thought that your argument was that the administrative judge should have had a medical expert. It's twofold. The first issue is to fully and fairly develop the record. The second is to then have a medical expert review it. Social Security ruling, again, 8320, specifically requires that where an ALJ is aware of additional evidence, the ALJ needs to make that a part of the record and then consult with a medical expert. Was that clear in this record, that the judge knew that there was additional evidence in Social Security records? Certainly as to the 1990 records. The ALJ specifically refers to the 1990 records in his decision, but then never makes those records part of the current record. The National Guard actually shows up on Dr. Coy's report, and the bottom, had the ALJ reviewed the record thoroughly, the ALJ would have discovered that in Dr. Coy's report. For this reason, the ALJ's decision was not based upon substantial evidence. And it should be remanded for these documents to be added and for the ALJ to consult with a medical expert. Thank you. You have about a minute left for a rebuttal if you want to use it. Good morning. Shay Bond on behalf of the Commissioner of Social Security. Your Honor, I'd like to go to your question about what do the records that the claimant seeks to strike from the record or to disregard, what bearing do they have on these proceedings? And I really do believe it goes to the claimant's credibility and reliability. And quite frankly, if it's due to her current mental status or due to a purposeful intent to deceive, it doesn't really matter at that point. It's that she's just not credible. She cannot provide accurate information regarding her treatment history. And that's also supported by treatment records and Dr. Coy's report that are already in the record that was before the administrative law judge, which stated that the claimant just really wasn't able to provide accurate information regarding her treatment history. So I think the evidence that was submitted to the district court by the claimant just further supports that she's unable to provide this information and that to send this back on a remand, it really would serve no useful purpose because she's going to be unable to provide accurate information. The district court didn't discuss the evidence. Did this particular evidence or did it? No. The district court stated that the court had considered the evidence but didn't get into much of a discussion of what that evidence contained. Just all the evidence. Basically, correct. The court considered the administrative certified record and the evidence that the claimant had submitted and correctly concluded that none of this evidence supported a finding that the claimant had proved she had become disabled prior to age 22, which is the key and only element in this case. Did the administrative law judge, though, fulfill her duties to create a full record since there were so many medical records? The ALJ did satisfy the discharge of the duty to develop the record in this case. And I would point out that the agency, when the claimant had initially filed their application, had sent out multiple requests to all the medical facilities that had been listed on their application. The records that were submitted by these facilities just simply did not show that she had received treatment prior to 1986, which is the relevant year. Counsel, excuse me. Excuse me, counsel. Sorry to interrupt. Are you claiming that the onset date is not ambiguous? That is, on the basis of this record, it is unambiguous that the onset date was not prior to 1986? Correct. And I think there's the report from the disability examiner, which was referring to the claimant's SSI application, which had been filed in 1990. Now, in that report, it states that the onset date alleged at that time was April of 1990. Now, that, of course, is after the 1986 relevant date, time period. The claimant has been receiving benefits based on that SSI application, which alleged the April 1990 date up until 14 years later, when she immediately filed this current application alleging that she had an earlier onset date. So, I mean, I don't think there would need to have the judge needed to call a medical expert when there was already an onset date contained within the record. And it's an onset date that the claimant put in her own application. And you can draw a reasonable inference from that information that that was the onset date. Furthermore, the record contained the opinions of three other doctors who had reviewed the record and had determined specifically that there was no evidence of an impairment prior to 1986. And I submit that with these three reviewing doctors, that was sufficient to satisfy the review process of having three medical doctors who are experts in the Social Security program to render an opinion as to the sufficiency of the evidence and whether there was an earlier onset date. So you agree that there's no medical evidence in the record that supports a later onset date? Earlier onset date. Correct. There simply is no evidence. And when the ALJ questioned the claimant's family, her brother at the hearing, he was unable to actually provide any relevant information regarding facilities or doctors who may have treated the claimant during the 1980s. He referred the ALJ to contact their mother. She wrote a letter and was unable to provide, again, a medical source or a treatment facility who could have treated the claimant during the relevant period. Counsel, back to your reference to the Social Security. Every Social Security case includes medical opinions in the record. So it seems to me it wouldn't make sense to allow such opinions to negate the requirement that the medical expert appear at the hearing. What is your response to that? Well, Your Honor, again, I think under the particular facts of this case, the fact that we had a prior SSI application which had the onset date in 1990, that combined with the opinions of the three doctors who had reviewed the record and found that there was no evidence of an earlier onset date, that precluded the need to call for a medical expert because there was no ambiguity. There were no inferences to be drawn because we already had that information in the record. There was no evidence of onset date. You're saying, then, that it was unambiguous, that it was accurate. It's unambiguous. And because it was unambiguous, then 8320 doesn't come into play because it's clear from the record, and we would not need to obtain the services of a medical expert at that point. Thank you. Thank you. Your Honors, I would just conclude to say again that this record contained no evidence to support the claimant's burden to prove that she was disabled prior to age 22 and that the ALJ satisfied his duty to develop the record, and we would ask you to affirm the district court decision. Thank you. Thank you. Your Honor, if I may touch first on the altered documents. This court has recognized in DeLorme v. Sullivan that in the cases of mentally ill patients, because of the very fact that their credibility may be at issue, the ALJ has a special burden, and that is for the ALJ has to go above and beyond the normal burden to fully develop the record. Now he must scrupulously develop the record to assist in the fact-finding efforts of a mentally ill patient. As to the onset date and to whether or not it was ambiguous, in the 1990 application Ms. Tyler not only stated that her onset was in 1990, but she also suggested that it may have begun in 1987, and then again in her current application she suggested prior to 1986, sometime in 1983. That in and of itself starts to shed some light on ambiguity. As to the three doctors, social discrimination cannot now supplement the record on that. Thank you. Thank you, counsel. The court appreciates the counsel's participation in the case, and the case is submitted for decision.
judges: Reinhardt, Berzon, Schroeder